UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

---------------------------------X

UNITED REFINING COMPANY                    :        Civ. No. 1:20-cv-1956

15 Bradley Street
Warren, Pennsylvania 16365,

              Plaintiff,           :

              v.                       :        **COMPLAINT**

ANDREW WHEELER, in his official capacity as :
Administrator of the United States Environmental
Protection Agency

1200 Pennsylvania Avenue, N.W.
Washington, DC 20460,

              Defendant.           :

---------------------------------X

Plaintiff United Refining Company ("Plaintiff"), by and through its attorneys, Baker & Hostetler LLP, for its Complaint against Defendant Andrew Wheeler in his official capacity as Administrator of the United States Environmental Protection Agency ("Administrator"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. The Administrator has failed to perform a non-discretionary duty to grant or deny Plaintiff's petition for a small refinery hardship exemption under the Clean Air Act within the timeframe mandated by 42 U.S.C. § 7545.

2. Although more than 60 days have passed since the Administrator received Plaintiff's notice of intent to initiate this suit on May 20, 2020, the Administrator still has not granted or denied Plaintiff's petition.

3. Plaintiff seeks a declaration that the Administrator is in violation of the Clean Air Act, an order compelling the Administrator to grant or deny Plaintiff's petition by a certain date, and Plaintiff's costs of this action.

## JURISDICTION

4. This action arises under the Clean Air Act, § 211, 42 U.S.C. § 7545(o). This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331 (federal question), and 1361 (mandamus). This Court also has authority to order declaratory and injunctive relief pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

5. By certified letter dated May 14, 2020, Plaintiff provided the Administrator with written notice of Plaintiff's claim and of Plaintiff's intent to initiate suit to remedy this Clean Air Act violation pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2, 54.3. A true and correct copy of this notice, with the attached petition containing confidential business information omitted, is attached hereto as <u>Exhibit A</u>.

6. The Administrator received Plaintiff's notice of intent to sue on May 20, 2020. A true and correct copy of the certified mail receipt confirming delivery is attached hereto as <u>Exhibit B</u>.

## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(e)(1). Upon information and belief, the Administrator resides in this district. Also, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, and the effects and burdens of the Administrator's inaction arise from this district.

## PARTIES

8.     Plaintiff United Refining Company is a Pennsylvania corporation with a principal place of business at 15 Bradley Street in Warren, Pennsylvania.  Plaintiff is an independent refiner and marketer of petroleum products.

9.     Plaintiff is a "person" within the meaning of 42 U.S.C. § 7602(e).

10.    Defendant Andrew Wheeler is the Administrator of the United States Environmental Protection Agency.  The Administrator is responsible for implementing the Clean Air Act, including the requirement to grant or deny Plaintiff's petition for a small refinery hardship exemption within 90 days.  Administrator Wheeler is sued in his official capacity.

## FACTS

11.    Certain provisions of the Clean Air Act (CAA) require that transportation fuel sold or introduced into commerce in the United States must contain minimum volumes of renewable fuel sources.  EPA and the Administrator oversee this requirement through its administration of the Renewable Fuel Standards 2 program (RFS).  (*See* 42 U.S.C. § 7545(o).)

12.    Upon petition, the CAA allows for temporary exemption from RFS requirements for small refineries based on a showing that RFS obligations will create a disproportionate economic hardship for the refinery in the year for which exemption is requested.  (*See* 42 U.S.C. § 7545(o)(9).)

13.    The CAA specifies the mandatory deadline for the Administrator to issue a decision on petitions for a small refinery hardship exemption: "The Administrator **shall act** on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the receipt of the petition." (42 U.S.C. § 7545(o)(9)(B)(iii) (emphasis added.)

14. As a refiner and marketer of petroleum products in the United States, Plaintiff is obligated to adhere to RFS requirements under the CAA.

15. On or around December 18, 2019, Plaintiff submitted its petition for a small refinery exemption to EPA for the 2019 compliance year.

16. Plaintiff's petition specifically documented the reasons why strict adherence to its RFS obligations would create a disproportionate economic hardship and negatively impact Plaintiff's ability to remain competitive and profitable.

17. Upon information and belief, EPA received Plaintiff's petition on, or shortly after, December 18, 2019.

18. Despite EPA's receipt of Plaintiff's petition on or shortly after December 18, 2019, the Administrator had yet to act on the petition as of May 14, 2020 (approximately 148 days after receipt). This delay far exceeded the mandatory 90-day decision deadline imposed on the Administrator in 42 U.S.C. § 7545(o)(9)(B)(iii).

19. Given the Administrator's delay in acting on Plaintiff's petition, Plaintiff provided written notice of its claim and of Plaintiff's intent to initiate suit pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2, 54.3 on May 14, 2020. (*See* Exhibit A.)

20. The Administrator received Plaintiff's notice of intent to sue on May 20, 2020. (*See* Exhibit B.)

21. More than 60 days has passed since the Administrator received Plaintiff's notice of intent to initiate this suit. (*See* 42 U.S.C. § 7604(b)(2).) As of the date this Complaint is filed, the Administrator has not yet granted or denied Plaintiff's petition.

22. Plaintiff's interests have been, are being, and will continue to be, damaged by the Administrator's failure to comply with his mandatory decision deadline. The Administrator's failure to act further deprives Plaintiff of procedural rights and protections to which it is entitled.

23. The relief requested herein would redress these injuries.

## CLAIM FOR RELIEF

24. Plaintiff repeats and realleges paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. The Administrator has a non-discretionary duty to grant or deny Plaintiff's petition for a small refinery hardship exemption within 90 days of receipt. (*See* 42 U.S.C. § 7545(o)(9)(B)(iii).)

26. The Clean Air Act allows any person to bring suit to compel the Administrator to perform a non-discretionary duty. (*See* 42 U.S.C. § 7604(a).)

27. It has been more than 90 days since the Administrator received Plaintiff's petition on, or shortly after, December 18, 2019.

28. It has been more than 60 days since the Administrator received Plaintiff's notice of intent to initiate this suit, pursuant to 42 U.S.C. § 7604(b).

29. As of the date this Complaint is filed, the Administrator has yet to act on Plaintiff's petition.

30. The Administrator's failure to act has violated, and continues to violate, the Clean Air Act, § 211, 42 U.S.C. § 7545(o), and constitutes a "failure of the Administrator to perform any act or duty . . . which is not discretionary with the Administrator." 42 U.S.C. § 7604(a).

31.     The Administrator's violation is ongoing and will continue unless remedied by the Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against the Administrator providing the following relief:

A.     A declaration that the Administrator has violated the Clean Air Act by failing to grant or deny Plaintiff's petition for a small refinery hardship exemption within 90 days receipt thereof; and

B.     An order compelling the Administrator to perform his mandatory duty to grant or deny Plaintiff's petition for a small refinery hardship exemption by an expeditious certain date; and

C.     An order retaining jurisdiction over this matter until such time as the Administrator complies with his non-discretionary duty under the Clean Air Act; and

D.     An order awarding Plaintiff its costs of litigation, including reasonable attorneys' fees; and

E.     All other and further relief as the Court deems just and equitable.

Dated: July 20, 2020

      Respectfully submitted,
      */s/ Mark W. DeLaquil*_____
      Mark. W. DeLaquil (DC Bar No. 493545)
      mdelaquil@bakerlaw.com
      **BAKER & HOSTETLER LLP**
      1050 Connecticut Avenue, NW, Ste. 1100
      Washington, D.C. 20036

      *Attorney for Plaintiff United Refining Co.*