# Exhibit A

1:20-cv-1956

# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

May 14, 2020

Mark W. DeLaquil
direct dial: 202.861.1527
mdelaquil@bakerlaw.com

**VIA CERTIFIED MAIL**

Administrator Andrew R. Wheeler
U.S. Environmental Protection Agency
Office of the Administrator (1101A)
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Re:    *Notice of Intent to Sue for Agency Inaction on Petition for Small Refinery Hardship Exemption*

Administrator Wheeler:

This firm represents United Refining Company (URC) in connection with its petition for a small refinery hardship exemption to its Renewable Fuel Standards (RFS) under the Clean Air Act. URC's petition was properly submitted on December 18, 2019. Yet, as of the date of this notice, EPA has failed to act on URC's petition. Accordingly, pursuant to CAA § 304(b), 42 U.S.C. § 7604(b), URC hereby respectfully provides notice of its intent to initiate a citizen suit against EPA for failure to complete a non-discretionary action required under CAA § 211, 42 U.S.C. § 7545.

### URC'S PETITION FOR SMALL REFINERY HARDSHIP EXEMPTION

On December 18, 2019, URC submitted its Section 211 petition for a small refinery hardship exemption for its Warren, Pennsylvania facility. *See* 42 U.S.C. § 7545(o)(9)(B)(i). (A copy of URC's petition is attached hereto as Attachment 1.)

URC's petition specifically documented the reasons why strict adherence to its RFS would create a "disproportionate economic hardship" and impact URC's ability "to remain competitive and profitable." (*See* Attachment 1, pp. 2-8.) Notably, URC's hardship analysis demonstrates the clear need for a small refinery exemption at URC's Warren, Pennsylvania facility under the Dept. of Energy's March 2011 Small Refinery Exemption Study factors. (*See id.* discussing, among others: URC's inability to access outside capital or credit; URC's inability to pursue other lines of business

Page 2

besides the conversion of crude oil; local government and consumer requirements limiting the amount of biodiesel that URC can blend into its diesel fuel pool; URC's below-industry-average operating margins; the Warren facility's operation in a non-niche market; and considerable capital expenditures for maintenance and compliance obligations in 2019.)

## US EPA's Failure to Perform A Non-Discretionary Act

Despite US EPA's receipt of URC's petition on or shortly after December 18, 2019, approximately 148 days have gone by without an agency decision. This delay far exceeds the mandatory 90-day decision deadline imposed by Section 211.

42 U.S.C. § 7545(o)(9)(B)(iii) unambiguously states that "[t]he Administrator <u>shall</u> act on any petition submitted by a small refinery for a hardship exemption <u>not later than 90 days after the date of receipt of the petition</u>." (emphasis added). Courts consistently interpret "shall" as "the language of command." *See Sierra Club v. Jackson*, 648 F.3d 848, 856 (D.C. Cir. 2011); *Raymond Proffitt Found. v. U.S. E.P.A.*, 930 F. Supp. 1088, 1097 (E.D. Pa. 1996) (citing cases).

US EPA's failure to either grant or deny URC's petition as of the date of this notice thus constitutes a failure to perform a non-discretionary act within the mandated timeframe pursuant to 42 U.S.C. § 7545(o)(9)(B)(iii). Moreover, this failure to act has damaged (and continues to damage) URC.

## Notice of Intent to Sue

The Clean Air Act authorizes civil actions against the Administrator to compel him or her to perform any act or duty that is not discretionary. 42 U.S.C. § 7604(a)(2). Given US EPA's ongoing failure to act on URC's petition for a small refinery hardship exemption within 90 days of receipt, URC hereby provides notice of its intent to initiate a citizen's suit against US EPA in the appropriate United States District Court sixty (60) days after US EPA's receipt of this notice (absent corrective action by US EPA within that timeframe). *See* 42 U.S.C. § 7604(b)(2). While URC's hope is that this matter can be resolved without litigation—as a result of US EPA acting on URC's petition within 60 days—URC is prepared to seek all available relief under Section 304 as a result of US EPA's inaction.

Pursuant to 40 CFR §54.3(a), URC's address is:

> United Refining Company
> Attn: Jeff Fitzgerald, Director of Regulatory Reporting
> 15 Bradley Street
> Warren, PA 16365
> jfitzgerald@urc.com

Given the ongoing COVID-19 pandemic, please be sure to provide a decision or other response to this letter by electronic mail. Please also provide a courtesy copy of any such correspondence to me as well.

Page 3

Respectfully submitted,

Mark W. DeLaquil
Partner

Attachments:

1. December 18, 2019 Petition for Small Refinery Hardship Exemption